TOMLINSON et al. v. BOURN. (Circuit Court of Appeals, Fifth Circuit. December 3, 1914.) No. 2686. Appeal from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge. William J. Berne, of Ft. Worth, Tex., for appellants. John M. Wagstaff, of Abilene, Tex., and James L. Shepherd, of Colorado, Tex., for appellee. Before PARDEE and WALKER, Circuit Judges, and CALL, District Judge.

PER CURIAM. We find no reversible error in the rulings of the court on the pleadings and admission of evidence, and the evidence adduced supports the decree rendered. Affirmed.

---

UNITED STATES ex rel. and to Use of TEXAS PORTLAND CEMENT CO. et al. v. McCORD et al. (Circuit Court of Appeals, Fifth Circuit. November 30, 1914.) No. 2252. In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge. Frances Marion Etheridge, of Dallas, Tex., for plaintiffs in error. George A. Carden, Charles W. Starling, and W. C. Kimbrough, all of Dallas, Tex., for defendants in error. Before PARDEE, Circuit Judge, and MAXEY, District Judge.

PER CURIAM. Certain jurisdictional questions having been heretofore certified and submitted to the Supreme Court (see United States ex rel. Texas Portland Cement Co. v. McCord, 233 U. S. 157, 34 Sup. Ct. 550, 58 L. Ed. 893), and the same having been answered in the negative, it follows that the judgment of the Circuit Court was correct, and should be affirmed; and it is so ordered.

---

VACUUM ENGINEERING CO. v. DUNN. (Circuit Court of Appeals, Second Circuit. November 9, 1914.) Appeal from the District Court of the United States for the Southern District of New York. Edwin J. Prindle and Arthur Wright, both of New York City, for appellant. L. F. H. Betts, of New York City, for appellee. Before LACOMBE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. This is an application to recall the mandate (209 Fed. 219, 126 C. C. A. 313), to admit as part of the record certified copies of certain foreign patents, and to issue a new mandate thereon, similar to the one in the suit of Patents Selling Company against this same defendant ([D. C.] 204 Fed. 99), where the same patents were in like manner introduced. To do this will undoubtedly be equitable, and since there is no technical, nor indeed any other, objection made to the granting of the relief prayed for, the application is granted.