**SOUTHERN STATES STEEL CORPORATION v. FIDELITY & DEPOSIT CO. OF MARYLAND.**

No. 7796.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1935.

D. A. Frank and Allen Wight, both of Dallas, Tex., for appellant.

Albert B. Hall, of Dallas, Tex., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellee was the surety on a bond made by Thompson & Simpson (herein referred to as the contractors) to the state of Texas, to secure performance by the contractors of their contract to construct a described highway, which bond was given in pursuance of a Texas statute. 2 Revised Civil Statutes of Texas, 1925, art. 5160, as amended. Complete Texas Statutes, Supplement, 1931, pp. 419, 420 (Vernon's Ann. Civ. St. Tex. art. 5160). Appellant brought this action against the appellee for the alleged amount of the price of steel furnished by appellant to the contractors for use in the work contracted for, with interest on that amount. Appellant's petition alleged that, in accordance with an alleged contract between appellant and said contractors, appellant furnished steel to the contractors under described invoices, that the sum of $3,726.58 became due on delivery of the last item of said invoice on or about March 21, 1933, and that "due notice was given to the Texas State Highway Department, and proper legal notices were filed with the County Clerk of the proper county on May 12, 1933, and thereby a lien fixed upon any funds in the hands of the State Highway Department, and the liability of the defendants upon the surety bond above referred to was thereby fixed and determined." That petition also alleged that said contractors were adjudged bankrupt, that appellant's account in the sum of $3,726.58 was duly filed in the bankruptcy proceeding, that appellant has not received and will not receive any dividend on said claim, and that appellant has no way of collecting that claim, unless it is paid by the appellee, the surety on said bond. Appellee demurred to the petition, and filed an answer thereto. In the trial it was stipulated that appellant filed with the county clerk of Val Verde county, Tex., a true copy of the several invoices covering each delivery of steel by appellant to the contractors under the contract between them, to each of which was attached an affidavit a copy of which, except its formal parts, is the following: "On this day personally appeared Edward Zoremba, who being by me duly sworn, upon oath says that he has verified the sale and shipment herein described and that the foregoing list of material and prices are correct."

In the trial, the court ruled that the just-quoted affidavit was insufficient to charge the appellee, and sustained appellee's motion for judgment in its favor.

The above-referred to Texas statute, after providing for any person entering into a formal contract with the State for the prosecution and completion of any public work making bond with condition that such contractor shall promptly make payments to all persons supplying him with labor and materials in the prosecution of the work provided for in such contract, and for the furnishers of labor and materials used in the construction of the work under such contract asserting claims against the surety in such bond, contained the following: "Provided further, that all claims for labor and material furnished to said contractor, and all claims for labor and material furnished to any contractor shall be itemized and sworn to as required by Statutes as to mechanic's lien claims, and such claims shall be filed with the County Clerk of the County, in which said work is being prosecuted, within ninety days from the date of the delivery of said material and the performance of said work."

The requirements as to mechanic's lien claims, referred to in the above-quoted provision, are prescribed in article 5456 of the Revised Statutes of Texas of 1925, which sets out a form of affidavit which contains the following: "A. B., affiant, makes oath and says that the annexed is a true and correct account of the labor performed for (or the material furnished to) C. D., a contractor (builder, agent, or receiver) by affiant (or his principal) and the prices therefor as set forth in the annexed account are just and reasonable, and that the same is unpaid (or the sum

of $......, as shown by said account, is unpaid) after allowing all just and lawful offsets, payments and credits known to affiant." Detroit Fidelity & Surety Co. v. State (Tex.Com.App.) 76 S.W.(2d) 492.

The statement in the affidavit which accompanied the invoices filed by appellant with the county clerk of Val Verde county, "that the foregoing list of material and prices are correct," is substantially different from the statement required to be contained in the affidavit prescribed by the statute, which, among other things, requires the affidavit to state the amount shown in the annexed account is "unpaid after allowing all just and lawful offsets, payments and credits known to the affiant." The statement made in the affidavit filed by appellant, "that the foregoing list of material and prices are correct," was entirely consistent with the stated price for the named material having been paid in full. The state of Texas being the sole obligee in the bond sued on, any right possessed by furnishers of labor or material to the contractors to sue on that bond is entirely statutory, and does not come into existence in the absence of a substantial compliance with conditions stated in the statute. National Bank v. Gulf, C. & S. F. R. Co., 95 Tex. 176, 66 S.W. 203; United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 162, 34 S.Ct. 550, 58 L.Ed. 893; General Bonding & Casualty Ins. Co. v. Waples Lumber Co. (Tex.Civ.App.) 176 S.W. 651. A material feature in the affidavit required by the statute is a statement in that affidavit that the amount of prices for labor or materials set forth in an account annexed to the affidavit is "unpaid after allowing all just and lawful offsets, payments and credits known to affiant." The affidavit filed by the appellant with the clerk of Val Verde county did not contain that statement or the substance of it. The filing of that affidavit did not constitute a substantial performance of the statutory condition precedent to the acquisition by appellant of a right to maintain an action on the bond sued on. This being so, the above-mentioned ruling of the court was not erroneous. Detroit Fidelity & Surety Co. v. State, supra.

Affirmed.