UNITED STATES of America for the use of C. W. ATKINS, d/b/a Atkins Welding Shop, Plaintiff,

v.

B. H. REITEN and Leonard L. Stewart, partners, d/b/a Reiten & Stewart Construction Company; and Continental Casualty Company, a corporation, Defendants.

Civ. No. A-13071.

United States District Court
D. Alaska,
at Anchorage.

Feb. 25, 1961.

Bell, Sanders & Tallman, Anchorage, Alaska, for plaintiff.

John E. Manders, Anchorage, Alaska, for defendant Continental Casualty Co.

HODGE, District Judge.

The use plaintiff brings this action in the name of the United States of America under the provisions of the Miller Act (Section 270b, Title 40 U.S.C.A., 49 Stat. 794) to recover equipment rentals claimed due from the Reiten & Stewart Construction Company as contractor and the Continental Casualty Company as surety upon the payment bond in connection with a government contract for the Bureau of Public Roads, an agency of the United States. The defendant surety company has moved to dismiss the third amended complaint of plaintiff for failure to state a claim against said defendant upon which relief can be granted, urging that the action was prematurely brought. A summary of the history of this litigation is first necessary for determination of this question.

The action was first brought by C. W. Atkins against the contractor by complaint filed on January 29, 1957. On January 31, 1957, plaintiff filed an amended complaint joining the surety company as defendant and alleging the execution by it of payment and performance bonds on behalf of the defendants in connection with said contract. This amended complaint sets up three principal claims against the defendants for rental of different items of equipment pursuant to written rental agreements as to two of them and an oral agreement as to the third:

(1) For rental of equipment furnished from September 28, 1956, to November 12, 1956, in the sum of $2,550;

(2) For rental of equipment furnished from October 1, 1956, to November 15, 1956, in the sum of $2,550; and

(3) For rental of equipment furnished from October 8, 1956, "to date" in the sum of $5,465, together with an allegation that the last described equipment was still in the custody and control of the defendants and asking leave to amend

to set up equipment rental to become due in the future.[1]

It was recited in this amended complaint that notice of claim, pursuant to the proviso set forth in Section 270b(a), had been sent to the contractor and surety company within 90 days "after completion by plaintiff C. W. Atkins of the furnishing of equipment and materials." Such notice, attached as an exhibit to the complaint, is dated January 30, 1957, and sets forth the same dates of furnishing the equipment as above. This amended complaint was filed before the expiration of a period of 90 days after the date on which the last of the equipment was claimed to have been furnished, as to each of the three items claimed, and actually before the last date as to item (3).

The defendant casualty company filed on March 22, 1957, a motion to dismiss the amended complaint upon the grounds above stated, urging that the action was premature and that the plaintiff was not entitled to maintain it under the provisions of the Act. Plaintiff filed a reply memorandum urging "liberal construction" of the Act to protect those furnishing labor and materials to contractors on public projects. On March 29, 1957, the judge of the former District Court for the District (Territory) of Alaska by Minute Order granted this motion, but with leave granted to plaintiff to file an amended complaint.

On April 1, 1957, plaintiff filed a second amended complaint setting up the same identical claims but adding a paragraph alleging that more than 90 days had elapsed since the completion of the work and since payment became due (but still claiming continuing rental as to the third item). To this complaint the defendant surety filed an answer, raising the same defense as to failure of the complaint to state a claim.

Following the transition pursuant to the Alaska Statehood Act, 48 U.S.C.A. preceding section 21, this case was transferred to the present United States District Court on July 11, 1960. On September 28, 1960, a pre-trial conference was had during which defendant casualty company raised the same issue as to the premature action. This Court considered that the decision of the former Court allowing the amendment should govern, but allowed the plaintiff to file a further amended complaint to correct the claim as to item (3).

On October 4, 1960, plaintiff filed a third amended complaint making the same claims but amending the claim as to item (3) to show the last date of the use of this equipment as January 30, 1957 (the day before the filing of the first complaint against the surety company.) This amended complaint recites that notice of claim was given within 90 days and that more than 90 days elapsed since the completion of the work, and adds an additional claim for damages for failure to return the equipment and damage to the equipment amounting to $2,146.03.

On October 24th the defendant casualty company filed the same motion as to the third amended complaint, which was opposed by plaintiff upon the grounds that ample time had elapsed to date for commencement of the action. The Court denied such motion on November 25, 1960, but upon further motion of the defendant agreed to reconsider the matter upon briefs filed, upon the grounds that the amended complaint relates back to the date of filing of the original complaint and that hence the action was prematurely brought.

Subsection (a) of Section 270b, Title 40, provides in part as follows:

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period

---

1. A further claim was asserted for damages to the equipment in the sum of $274.61, which is not material here.

of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: * * * "

Former Section 270 of this title (33 Stat. 811) provided that if no suit should be brought by the United States within six months from the completion and final settlement of a contract with the United States for the construction or prosecution of any public work the person or persons supplying the contractor with labor and materials shall, upon compliance with certain conditions, have a right of action in the district in which the contract was to be performed against the contractor and his sureties. It is held that the six months clause was a condition precedent to instituting suit or action against the sureties and that no right of action existed until the expiration of the six months proviso, which was intended as a waiting period to give the government an opportunity to test the work and ascertain whether the contract was fulfilled or not; and that any action commenced prior to the expiration of such six months period was prematurely brought and must be dismissed. United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 162, 34 S.Ct. 550, 58 L.Ed. 893; Stitzer v. United States, 3 Cir., 182 F. 513, 516; Morley Construction Co. v. Maryland Casualty Co., 8 Cir., 84 F.2d 522, 527. The same principle was applied to the limitation of one year after complete performance of the contract and final settlement thereof within which suit may be commenced. Baker Contract Co. v. United States, 4 Cir., 204 F. 390, 397.

The Circuit Court of Appeals for the Third Circuit in a well-considered opinion on this subject in Stitzer v. United States, supra, states the rule as follows:

"The act was not intended to, and does not, bar any cause of action, but rather creates one. The lapse of six months was a condition precedent to the plaintiff's right to sue. In other words, a conditional cause of action only was conferred. Such cause of action was created by the statute and must be instituted pursuant to the terms and conditions of the statute, and not otherwise. No party prior to the expiration of six months from the completion and final settlement of a contract, except the United States, was thereby authorized to sue upon the bond."
* * *

"Nor does the proviso of the act modify, as claimed, the six months' clause. They can be construed in perfect harmony. Thus, the first clause says in effect that a suit like the present one shall not be instituted until six months after the completion and final settlement of the contract, and the proviso says, that it must be commenced within one year thereafter. Hence it follows that such a suit must be instituted during the six months intervening between the prohibited period and the expiration of one year after the completion and final settlement of the contract. This construction seems so natural and obvious as not to require any argument to demonstrate it, while any other construction would clearly nullify important provisions of the act." [182 F. 516].

This opinion was expressly affirmed by the United States Supreme Court in United States ex rel. Texas Portland Cement Co. v. McCord, supra.

It is obvious that the ninety day period provided by the present Section 270b (a) likewise creates a condition precedent to commencing suit. Fleisher Engineering & Construction Co. v. United States, for Use and Benefit of Hallenbeck, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12. The language of the statute clearly expresses the legislative intent to allow the surety

ninety days within which to investigate or make possible settlement of the breach before being liable to suit.

 An amendment relates back to the filing of the original complaint, to supply defects in the cause of action then existing or to supply facts which existed at the time of commencement of the action, but cannot serve to cure a defect where there was no cause of action to amend. Rule 15(c), F.R.Civ.P., 28 U.S.C.A.; United States ex rel. Texas Portland Cement Co. v. McCord, supra, 233 U.S. at page 164, 34 S.Ct. at page 553; In re Brown, 7 Cir., 124 F.2d 701; American Bonding & Trust Co. v. Gibson County, 6 Cir., 145 F. 871; Bowles v. Senderowitz, D.C., 65 F.Supp. 548. To quote from the Texas Portland Cement Co. case, which is controlling here:

"As to the effect of the filing of the amendment by the original plaintiffs on January 9, 1911, it is elementary that an amendment dates back to the filing of the petition, and is to supply defects in the cause of action then existing, or at most to bring into the suit grounds of action which existed at the beginning of the case. In this case there was no cause of action to amend. Nor was the amendment of January 9, 1911, the introduction of a new cause of action existing at the beginning of the suit." [233 U.S. 157, 34 S.Ct. 553].

It conclusively appears that the use plaintiff's right to recovery against the surety depended upon its right at the inception of this suit and that the non-existence of a cause of action when the suit was started is a fatal defect which cannot be cured by the accrual of a cause of action pending suit. The former Court and this Court therefore erred in allowing the plaintiff to amend and denying the subsequent motion to dismiss. Such motion, as directed to plaintiff's third amended complaint, must be granted and the case dismissed against the surety.

It is regretted that plaintiff's cause of action against the surety is now barred by the one-year limitation provided by Section 270b(b) of Title 40 U.S.C.A., but this unfortunate circumstance cannot be helped. It is the duty of the Court to enforce the statute according to its terms.

Order of dismissal with prejudice may be entered in accordance with this opinion.