James P. MILLER et al., Plaintiffs,

v.

**INTERNATIONAL PAPER COMPANY**
et al., Defendants.

Civ. A. No. 3416.

United States District Court
S. D. Mississippi,
Southern Division.

Nov. 9, 1967.

Marian E. Wright, Jackson, Miss., for plaintiffs.

Dixon Pyles, Jackson, Miss., C. W. Ford, Pascagoula, Miss., for defendants.

WILLIAM HAROLD COX, Chief Judge.

This suit was instituted under 42 U.S. C., 1958 ed., § 2000e et seq. for appropriate relief under the Employment Opportunities Provisions of the Civil Rights Act of 1964. Defendants interpose motions to dismiss for assigned reasons.

 The action is instituted by and on behalf of named plaintiffs and other unnamed male negroes said to be too numerous to mention under Civil Rule 23. For the reasons hereinafter more specifically assigned, it is clear to this Court that a class action cannot be instituted and maintained under the procedural provisions of this enactment by any anonymous group of people. Specifically, no person is entitled to the benefits of the act who has not strictly complied with the conditions precedent to the right to institute a suit of this kind in a federal court. Section 2000e–5(e) (1) makes it abundantly clear that an aggrieved person must first file a charge with the Equal Employment Opportunity Commission, and that such person claiming to be aggrieved shall within a given time institute a suit in a United States District Court to redress his grievance, if such action is to be instituted. This suit is purely statutory. It is a creature of statute and Congress as creator of such right of action has strictly and sharply defined its method of enjoyment. No class action may be maintained in a situation of this kind where it must be shown that each plaintiff has exhausted his administrative remedies, and has brought the consequent action within the time provided by statute. The questions of law and fact are thus not common to the entire class and the claims and defenses of the representative parties are not the same and are not entirely typical of the other claims and defenses as required by Civil Rule 23(a). The purpose and effect of a class action is incompatible with the requirements of this statutory scheme as a condition precedent to the right of enjoyment of its benefits. It is accordingly the considered view of this Court that this suit cannot be maintained as a class action.

 The motion to dismiss will be treated as a motion for summary judgment, supported by the data attached to plaintiffs' brief showing that the charge of Joseph Smith was filed with the Commission on December 28, 1966; and that the charges of the other plaintiffs (Stallworth, Miller, Watson and Cannon) were filed with the Commission on December 12, 1966. Section 2000e–5(e) is not to be treated or considered as a statute of limitations, but as a time built in the statute as a condition precedent to the

exercise of the right therein created.[1] The complaint was filed here on June 9, 1967, more than sixty days after the filing of the charges. The Commission, by its letter, did not have the power to extend or enlarge upon this statute by authorizing any suit to be filed after the time fixed in the statute as it may have undertaken to do.[2] The charge had to be filed first and it was mandatory that the Commission in this case notify the aggrieved person immediately if it were unable to obtain voluntary compliance with the act so as to entitle the offending party to file a suit. That requirement is not a period of amnesty, but is a time fixed by Congress within which such right must be exercised, if at all. That was not done and this suit must fail therefor.

Motion of International and of unions under Rule 12 will be sustained. The plaintiffs will be assessed with all costs, including a reasonable attorney's fee to International in the amount of two hundred fifty dollars for failure of parties to appear at hearing on July 8, 1967, plus all depositions cost and expense under Rule 37.

A judgment accordingly may be presented.

---

1. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. 34 Am.Jur. § 7, pp. 16, 17. Cf:

Simon v. United States (CA 5) 244 F. 2d 703; United States ex rel. and for Use and Benefit of Texas Portland Cement Co. v. McCord et al., 233 U.S. 157, 34 S.Ct. 550, 552, 58 L.Ed. 893.

2. Title 42 U.S.C.A. § 2000e–5(e) authorized these aggrieved parties to bring this suit after the expiration of thirty days after each charge was filed. Delay or failure of the Commission to give notice to parties does not toll statute but Congress made the passage of time the sole criterion. So that, thirty days after the charge was filed without effect, then each aggrieved party was required to bring a suit here within the next thirty days or lose his right to do so. That rule would be so applied if the Commission never gave such notice, and could not possibly be met with any tenable plea of prematurity of action. Congress did not authorize the Commission to relax or extend this statutory condition precedent.