**UNITED STATES of America, ex rel. Edward BOGART, Plaintiffs,**

v.

**KING PHARMACEUTICALS, et al., Defendants.**

**No. Civ.A.03–1538.**

United States District Court, E.D. Pennsylvania.

Feb. 7, 2006.

See, also, 410 F.Supp.2d 404.

Louis Agre, Cherry Hill, NJ, Samuel L. Boyd, Boyd & Associates, Dallas, TX, Barbara Rowland, U.S. Attorney's Office, Philadelphia, PA, for Plaintiffs.

Kristina M. Mentone, Cravath Swaine & Moore LLP, New York City, David W. Engstrom, Eleanor Morris Illoway, Harkins Cunningham LLP, Philadelphia, PA, for Defendants.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

**AND NOW**, this 7th day of February, 2006, upon consideration of the State Government Plaintiffs' and District of Columbia's (collectively, "the States") Consolidated Opposition to and Motion for Summary Judgment Dismissing the Relator's Claims for a Share from State Settlements, it is hereby **ORDERED** that said Motion is **GRANTED** based on Relator's failure to comply with the procedural requirements of the States' *qui tam* statutes.

### Statement of Undisputed Facts

On March 11, 2003, defendant King Pharmaceuticals ("King") issued a press release informing the public that it had received a letter from the SEC stating that King was under investigation. King also announced that the letter was accompanied by a subpoena for documents. King stated that the subpoenaed documents included, *inter alia*, King's " 'best price' lists," and documents relating to the pricing of King's pharmaceutical products to any governmental Medicaid agency during 1999.

The action was originally filed in this court on March 12, 2003. Under the March 12, 2003 Complaint (the "Original Complaint"), the District of Columbia and each of the State Government Plaintiffs except New Mexico and Virginia were named plaintiffs in that action. Count III thereof was filed by the Relator on behalf of the State of Illinois and asserted claims under 740 ILCS 175 *et seq.* (Illinois Whistleblower Reward and Protection Act). Count V thereof was filed by the Relator on behalf of the State of Florida and asserted claims under Fla. Stat. § 68.082 *et seq.* (Florida False Claims Act). Count VI thereof was filed by the Relator on behalf of the State of Texas and asserted claims under V.T.C.A. Hum. Res.Code § 36.001 *et seq.* (Texas False Claims Act). Count VII thereof was filed by the Relator on behalf of the Commonwealth of Massachusetts and asserted claims under M.D.L.c. 12, §§ 5A *et seq.* (Massachusetts False Claims Act). Count VIII thereof was filed by the Relator on behalf of the State of Tennessee Medicaid False Claims Act. Count IX thereof was filed by the Relator on behalf of the State of Delaware and asserted claims under 6 Del. C. § 1.20(a) *et seq.* (Delaware False Claims and Reporting Act). Count XI thereof was filed by the Relator on behalf of the State of Louisiana and asserted claims under the Louisiana Medical Assistance Programs Integrity Law (La. R.S. 46:437.1 *et seq.*). Count XII thereof was filed by the Relator on behalf of the State of Hawaii and asserted claims under Haw. Rev. Stat § 661–21 *et seq.* (Hawaii False Claims Act). Count XIII thereof was filed by the Relator on behalf of the District of Columbia and asserted claims under D.C.Code § 2–308.13 *et seq.* (District of Columbia Procurement Reform Amendment Act).

The Relator made no disclosures to any of the State Government Plaintiffs relating to any of the claims in the Original Com-

plaint prior to its filing. Relator's Findings of Facts and Conclusions of Law on the Issues of Public Disclosure, Original Source, and Relator's Entitlement to Recovery ("Relator's Findings") at ¶ 188.

The Relator did not provide copies of or otherwise serve the Original Complaint or otherwise give notice to any of the State Government Plaintiffs of any of the allegations in the Original Complaint until on or about June 17, 2004, over 15 months later. Relator's Findings at ¶ 188.

On March 14, 2003, a complaint was filed in the United States District Court for the Eastern District of Tennessee in a case entitled *Pechter v. King Pharmaceuticals, et al.*, C.A. 2:02–cv–00081. The Complaint in that case was and is a matter of public record.

On March 31, 2003, while Bogart's *qui tam* complaint was under seal, King filed an SEC Form 8–K, disclosing to the public that its calculations relating to Medicaid had not followed prescribed methodologies. *See* Declaration of William L. Phillips III in Support of Defendants' Memorandum of Law in Opposition to Relator's Motion for a Preliminary Injunction at ¶ 6 ("Phillips Declaration"). King reported this in a Press Release to the public. *See* Press Release, King Pharmaceuticals, Inc., 15–Day Extension for Form 10–K Filed by King Pharmaceuticals (March 31, 2003).

The First Amended Complaint was filed on or about July 2, 2003. Each of the State Government Plaintiffs and the District of Columbia named in the Original Complaint was also a named plaintiff in the First Amended Complaint, but the First Amended Complaint also asserted an additional count, labeled Count XIII, under Va.Code § 8.01—216.01 *et seq.* (Virginia Fraud Against Taxpayer Act). *See* First Amended Complaint.

The Relator made no disclosures to any of the State Government Plaintiffs relating to any of the claims in the First Amended Complaint prior to its filing. Relator's Findings at ¶ 188.

The Relator did not provide copies of or otherwise serve the First Amended Complaint or otherwise give notice to any of the State Government Plaintiffs of any of the allegations in the First Amended Complaint until on or about June 17, 2004, over 11 months later. Relator's Findings at ¶ 188.

The Second Amended Complaint was filed on or about June 17, 2004. Each of the State Government Plaintiffs named in the First Amended Complaint and the District of Columbia were also named plaintiffs in the Second Amended Complaint and the Second Amended Complaint also asserted claims under each of those states' false claims acts. The Second Amended Complaint also added an additional count, again labeled Count XIII, asserting claims for the first time under the New Mexico Medicaid False Claims Act. *See* Second Amended Complaint.

The Relator made no disclosures to any of the State Government Plaintiffs relating to any of the claims in the Second Amended Complaint prior to its filing. Relator's Findings at ¶¶ 188, 189.

The Relator's initial disclosure and notice to any of the State Government Plaintiffs was made under cover of a letter dated June 17, 2004 from Joel Androphy enclosing copies of the Second Amended Complaint, Initial Disclosure Statement and fifteen supplements. This letter was sent only to the office of each State Government Plaintiff's Attorney General. Relator's Findings at ¶¶ 188, 189.

The Third Amended Complaint was filed on or about September 22, 2004. Each of the State Government Plaintiffs named in the Second Amended Complaint and the District of Columbia were also named plaintiffs in the Third Amended Complaint

and the Third Amended Complaint also asserted claims under each of those states' false claims acts. *See* Third Amended Complaint.

Other than providing the states and District of Columbia with notices as described herein, Relator has made no effort to coordinate with any of the states or the District of Columbia regarding prosecution of this matter. Instead, Relator only began coordinating with the states or the District of Columbia after settlement was reached with Defendants and then only for purposes of demanding Relator's asserted share of the states' and District of Columbia's settlements.

## Discussion

### A. Summary Judgment Standard

The court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Parasco v. Pacific Indemnity Co.,* 920 F.Supp. 647, 652 (E.D.Pa.1996). Here the parties agree that, whatever the Relator's motivation, there is no genuine issue of fact as to whether he failed to substantially comply with the procedural requirements of any of the State's *qui tam* statutes. *See* Statement of Facts, *infra.* The question remains as to whether the Relator's procedural failures effectively defeat Relator's claims to any of the States' settlements as a matter of law.

### B. Jurisdictional Standard for Procedural Compliance

#### 1. General requirement of procedural compliance

Many of the States' various false claims statutes are relatively new, offering little case law as guidance in addressing this question. These statutes do, however, closely track the language of the federal False Claims Act ("FCA").[1] Accordingly, this court turns to the FCA to consider the effect of Relator's procedural failures.

In general, it is long-settled that a party pursuing a statutory remedy must comply with all the procedures the statute mandates. *See United States ex rel. Tex. Portland Cement Co. v. McCord,* 233 U.S. 157, 162, 34 S.Ct. 550, 58 L.Ed. 893 (1914). Where a statute creates a new remedy, as the states' *qui tam* statutes do, "upon well-settled principles the limitations upon such liability become a part of the right conferred, and compliance with them is made essential to the assertion and benefit of the liability itself." *Id.*

More specifically, a "relator's failure to comply with the FCA service and filing requirements may justify dismissal of the claim." *Burns v. Lavender Hill Herb Farm, Inc.,* 2002 WL 31513418, at *6 (E.D.Pa. Oct. 30, 2002); *see McCord,* 233 U.S. at 162, 34 S.Ct. 550. Here the Relator would not even have the standing to bring a claim on behalf of the States absent their *qui tam* statutes. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 771–73, 120 S.Ct. 1858, 1861–63, 146 L.Ed.2d 836 (2000). These statutes partially assign state damage claims. *Id.* at 773, 120 S.Ct. 1858.

---

1. *Compare, e.g.,* N.M.S.A.1978 § 27–14–9 *with* 31 U.S.C. § 3730(d); *see, e.g., State v. Altus Fin., S.A.,* 36 Cal.4th 1284, 32 Cal.Rptr.3d 498, 116 P.3d 1175 (2005)(holding that the California False Claims Act (CFCA) is patterned on similar federal legislation, and in construing the CFCA it is appropriate to look to precedent construing the equivalent federal False Claims Act).

The Relator's right to a share of the States' settlements with Defendants depend on whether he established those rights under the States' individual statutes. *See United States ex rel. Merena v. Smithkline Beecham Clinical*, 52 F.Supp.2d 420 (E.D.Pa.1998), *rev'd on other grounds, United States ex. rel. Merena v. SmithKline Beecham Corp.*, 205 F.3d 97 (3d Cir.2000). Any procedural failures on the part of the Relator must be considered in terms of their impact on such establishment of rights.

### 2. Service defects that frustrate statutory purposes will invalidate relators' claims

■ Although a few district courts outside the Third Circuit have held that the FCA's filing and service requirements are jurisdictional,[2] other persuasive circuit authority calls for a balancing of factors when determining whether procedural defects warrant dismissal. *See United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir.1995)(holding explicitly that FCA filing and service requirements are not jurisdictional requirements and requiring the district court to assess whether and to what extent the Government was harmed before sanctioning relator with dismissal); *United States ex. rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998–99, 1001 n. 4 (2d Cir.1995)(expressing reluctance to find that FCA requirements are jurisdictional and examining the impact of filing and service defects on purpose of statute); *see also United States ex rel. Mikes v. Straus*, 931 F.Supp. 248, 259 (S.D.N.Y.1996) (citing *Pilon* and holding that FCA requirements

are not jurisdictional); *United States v. Fiske*, 968 F.Supp. 1347, 1351 (E.D.Ark.1997)(assuming without deciding that FCA filing and service requirements are not jurisdictional). The aim of such requirements is "to protect the government's interests" and thus it is "prejudice to the government's interests ... that is the primary consideration" when deciding whether to dismiss a relator's claims for procedural defects. *Lujan* at 247.

While the Third Circuit has not yet considered the question of whether FCA filing and service requirements are jurisdictional, this district has assumed that they are not.[3] *See United States ex. rel. Kusner v. Osteopathic Med. Ctr. of Phila.*, 1996 WL 287259, at *5 (E.D.Pa. May 30, 1996)(finding that there is "nothing in the language of the False Claims Act which requires that a *qui tam* complaint be dismissed with prejudice if the confidentiality requirements are violated"). Accordingly, we consider whether Relator's failure to adequately serve the States "incurably frustrated the statutory objectives underlying the filing and service requirements." *Pilon*, at 998. This court finds that it did and thus warrants dismissal of Relator's claims to a share of the States' settlements.

### C. The Relator's Failure to Follow the Requirements of the States' *Qui Tam* Statutes Impermissibly Frustrated the Purposes of those Statutes

■ In *Pilon*, the relators' failure to file their *qui tam* complaint under seal and to serve the Government was deemed egre-

---

**2.** *See, e.g., Friedman v. Fed. Deposit Ins. Corp.* 1995 WL 608462, at *3 (E.D.La. Oct. 16, 1995)(holding that *in camera* filing requirement is jurisdictional and that defects warrant dismissal); *Erickson ex rel. United States v. Am. Inst. of Biological Sciences*, 716 F.Supp. 908 (E.D.Va.1989)(holding the same).

**3.** Were this court to assume otherwise, it would be *required* to dismiss Relator's claims as jurisdictionally barred due to procedural defects. *See supra* note 2.

gious enough to warrant dismissal of their claims. The service requirements, as legislated by Congress, were created in part to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine whether it was "in the Government's interest to intervene and take over the civil action." *Id.* at 999 (citing S.Rep. No. 345, 99th Cong.2d Sess. 24, *reprinted in* 1986 U.S.C.C.A.N. at 5289).

Similarly, the States' *qui tam* statutes' service requirements were instituted to protect the each State's right and ability to control the litigation involving their claims in their own courts. Although the States determined that the settlements reached with Defendants were fair and reasonable, the Relator's failure to adequately serve the States still frustrated the purposes of the States' statutes and prejudiced the States accordingly. If the States had received timely notice of Relator's claims, they could have intervened earlier, participated fully in the investigation of Relator's claims and subsequently made more informed decisions as to how to proceed in relation to the federal Government's suit. The federal Government was duly notified by Relator and decided to intervene; the States were not afforded that necessary opportunity. *Compare Lavender Hill Farm*, at 2002 WL 31513418, *6 (where the Government has not yet decided whether to intervene in a *qui tam* suit, purposes of seal provision were sufficiently frustrated by relator's failure to file complaint under seal as to warrant dismissal) *with Kusner*, at 1996 WL 287259, *5 (where the Government had already decided not to intervene in *qui tam* suit, purposes of seal provision were not frustrated by premature service of complaint).

In light of the foregoing considerations, the court hereby grants the States' Motion for Summary Judgment and dismisses the Relator's claims for a share from the States' settlements.

An appropriate order follows.

### ORDER

**AND NOW,** this 7th day of February, 2006, upon consideration of the State Government Plaintiffs' and District of Columbia's (collectively, "the States") Consolidated Opposition to and Motion for Summary Judgment Dismissing the Relator's Claims for a Share from State Settlements, it is hereby **ORDERED** that said Motion is **GRANTED**.