UNITED STATES of America, ex rel.
James PILON and Jill Pilon,
Plaintiffs–Appellees,

v.

MARTIN MARIETTA CORPORATION
and General Electric Company,
Defendants–Appellants.

No. 1636, Docket 94–9232.

United States Court of Appeals,
Second Circuit.

Argued June 16, 1995.

Decided July 25, 1995.

Robert W. Ogren, Washington, DC (Barbara Rowland, Piper & Marbury, L.L.P., Washington, DC, Louis P. DiLorenzo, Peter A. Jones, Bond, Schoeneck & King, LLP, Syracuse, NY, of counsel), for defendants-appellants.

Douglas Robert Hawkins, Syracuse, NY, for plaintiffs-appellees.

Before: WINTER, MAHONEY, and JACOBS, Circuit Judges.

MAHONEY, Circuit Judge:

Defendants-appellants (collectively "Defendants") Martin Marietta Corporation ("Martin Marietta") and General Electric Company ("G.E.") appeal from a judgment entered November 7, 1994 in the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., *Judge*, that dismissed without prejudice the complaint of plaintiffs-appellees James Pilon and Jill Pilon brought primarily under the False Claims Act, 31 U.S.C. §§ 3729–3733 (the "Act"). Defendants contend that the Pilons' complaint should have been dismissed with prejudice because of the Pilons' failure to comply with the filing and service requirements of the Act. *See* 31 U.S.C. § 3730(b)(2). Because this failure incurably frustrated the statutory purposes underlying these requirements, we agree that the complaint should have been dismissed with prejudice as to two of the three claims for relief asserted therein. We modify the judgment of the district court accordingly, and affirm the judgment as modified.

Background

Defendants manufacture and sell high technology defense equipment to military and commercial customers. James Pilon is a former employee of G.E. (whose successor in interest for purposes of this litigation is Martin Marietta), and Jill Pilon is his wife.

The Pilons' complaint in this action states three claims for relief. The first alleges that, as ascertained by James Pilon in the course of his employment, GE submitted false claims to the United States with respect to the production and delivery of radar systems, radar related equipment, and technical services pursuant to contracts between GE and the United States under which GE was to supply these products and services to the Arab Republic of Egypt (the "A.R.E."). The third claim asserts that, as independently ascertained by Jill Pilon, Defendants submitted false claims to the United States for non-military specified components (some unwittingly supplied to a GE employee by Jill Pilon) that were incorporated in both A.R.E. and other radar units.

The second claim for relief alleges that James Pilon's employment at G.E. was terminated, in violation of 31 U.S.C. § 3730(h) and N.Y. Labor Law § 740 (the New York "whistle blower" statute), in retaliation for his intracompany reports concerning, and refusal to cover up, the delinquencies addressed in the first claim for relief. Allegedly, this termination became effective August 11, 1992; James Pilon, subsequently realizing that Defendants were attempting to conceal the defects that he had reported, revealed them to the United States in September 1993; and Jill Pilon reported to the United States in September 1994 the wrongdoing that she had discovered.[1]

The Pilons assert in their appeal brief that after informing the United States about the alleged fraud, they cooperated with the United States in its investigation of the matter over a period exceeding two years. At one

---

1. This allegation is obviously erroneous; the Pilons' complaint in this action was filed on April 8, 1994. Also, as noted in the immediately succeeding text of this opinion, the Pilons claim to have cooperated with the government regarding their accusations of misconduct for a period exceeding two years prior to filing their complaint, but allege that their first report to the government regarding the matter was made in September 1993, only seven months before they filed their complaint.

point, moreover, the United States allegedly seized the Pilons' relevant records and served a gag order upon them. In addition, the Pilons claim that during this period, Martin Marietta requested a meeting with them ostensibly to discuss James Pilon's claim of wrongful termination, but actually to gather information (which the Pilons declined to disclose) about allegedly defective parts previously incorporated in radar installations. Martin Marietta subsequently claimed that the meeting was an effort by the Pilons to extort money from the corporation.

■ Immediately thereafter, according to the Pilons, the government "unilaterally and totally terminated communication with the plaintiffs." The Pilons thereupon filed their complaint in this action. The Pilons' first and third claims for relief are *qui tam* claims authorized by 31 U.S.C. § 3730(b) and seek in behalf of the United States the statutory damages for the submission of false claims to the United States that are provided by 31 U.S.C. § 3729.[2] When bringing such an action, private plaintiffs, known as relators, must comply with certain procedural requirements:

> A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

§ 3730(b)(2). Whether or not the United States intervenes, the relators receive a portion of any settlement or recovery, although the relator's share is somewhat greater if the government does not intervene. § 3730(d)(1), (2).

When the Pilons filed their complaint, they did not file a notice of motion or otherwise arrange for the complaint to be filed in camera. In addition, the complaint itself did not indicate that it should be filed under seal, and was not submitted in a sealed envelope. Pilon's counsel assertedly informed the court clerk that "this was a *qui tam* action and [counsel] understood there to be certain sealing requirements that had to be met," but concedes that the clerk appeared to be confused, even after consulting with another clerk. Counsel did nothing further to assure that the complaint was properly filed, and it was filed on the open docket. In addition, the Pilons failed to serve the United States with a copy of the complaint and a written disclosure of the underlying evidence.

Several hours after the filing, a local reporter contacted the Pilons' counsel about the complaint, and counsel arranged an interview between the reporter and the Pilons. The resulting newspaper article, published two days later, revealed that in addition to relating the substance of the complaint and the fact of their prior discussions with government officials, the Pilons claimed that someone had drugged their dog and searched through their personal files pertaining to General Electric. The day following that publication, a copy of the complaint was faxed to Martin Marietta.

Defendants moved to dismiss the Pilons' complaint. Their motion contended that the first and third claims for relief should be dismissed with prejudice for lack of subject matter jurisdiction because of failure to comply with the procedural filing requirements of § 3730(b)(2). Dismissal with prejudice was sought as to the second claim for relief on the basis that: (1) as to § 3730(h), Pilon had "not alleged that he took actions in furtherance of ... filing a False Claims Act suit

---

**2.** As the First Circuit explained in *United States ex rel. LeBlanc v. Raytheon Co.*, 913 F.2d 17, 19 n. 2 (1st Cir.1990), *cert. denied*, 499 U.S. 921, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991):

> "Qui tam" comes from the Latin phrase "who brings the action for the king as well as himself." *See Erickson v. American Institute of*

*Bio. Sciences*, 716 F.Supp. 908, 909 n. 1 (E.D.Va.1989) (citing W. Blackstone, *Commentaries on the Law of England*, 160 (1768)). By statute a *qui tam* action allows an informer to become a "private attorney general" with a portion of the recovery going to the informer and the remainder to the state.

prior to his purported wrongful discharge;"[3] and (2) N.Y. Labor Law § 740 was preempted by § 3730(h) because "the asserted wrongful discharge is premised on allegations of false claims against the United States." Finally, several procedural derelictions were asserted as grounds for dismissal of the Pilons' complaint without prejudice.

The hearing on the Defendants' motion to dismiss was devoted exclusively to the Pilons' *qui tam* claims. In a ruling from the bench, the district court observed that the filing and service requirements "provide the government with an opportunity to decide whether to intervene and to prevent the alleged wrongdoer from being alerted of the investigation," and that "a party pursuing a statutory remedy must comply with all procedural mandates of the statute." The court concluded:

> I believe these objectives have been impeded. While I find that I do lack subject matter jurisdiction because of the failure to comply with the statutory requirements, I do have to dismiss the claim. I do so without prejudice.
>
> Finally, I will exercise my discretion not to review the pendent state law claim under New York Labor Law Section 740.
>
> Accordingly, the defendants' motion to dismiss is granted and the complaint is dismissed without prejudice.

Defendants sought reconsideration of the dismissal without prejudice, contending that "dismissal *with prejudice* is the only remedy that properly preserves the congressional objectives embodied in the *qui tam* statutory scheme." Noting that the district court's decision "did not address its reasons for dismissing ... James Pilon's 31 U.S.C. § 3730(h) claim," Defendants maintained that the Pilons had conceded, in a memorandum of law submitted to the district court, that they had failed to state a claim under § 3730(h), and sought clarification from the court regarding its disposition of that claim.

Defendants did not address the state law claims of retaliatory discharge in violation of N.Y. Labor Law § 740.

The district court did not explicitly address or respond to Defendants' application, but subsequently entered judgment dismissing the complaint without prejudice. This appeal followed.

### Discussion

■ The Pilons do not dispute their failure to file the *qui tam* complaint under seal and to serve the United States, but they argue that their unsuccessful efforts to file under seal sufficed and their failure to serve the government is excusable because the government was already aware of their allegations. Defendants contend that failure to comply with the statutory requirements may not be excused under any circumstances, but in any event, the Pilons' failure to comply in this case was particularly egregious and incurably frustrated the statutory objectives underlying the filing and service requirements.

The filing and service requirements were passed by Congress as part of substantial revisions to the False Claims Act in 1986. Legislative history reveals that the "overall intent in amending the *qui tam* section of the False Claims Act [was] to encourage more private enforcement suits." S.Rep. No. 345, 99th Cong., 2d Sess. 23–24, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5288–89. The government was concerned, however, that *qui tam* claims might overlap with or tip a defendant off to pending criminal investigations. *Id.* at 24, *reprinted in* 1986 U.S.C.C.A.N. at 5289. Thus, the sixty-day sealing period, in conjunction with the requirement that the government, but not the defendants, be served, was "intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in

---

3. Section 3730(h) provides in pertinent part:
   Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others

in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole.

the Government's interest to intervene and take over the civil action." *Id.* A secondary objective was to prevent defendants from having to answer complaints without knowing whether the government or relators would pursue the litigation. *Id.*

█ Other interests not addressed by this legislative history are also protected. For example, a defendant's reputation is protected to some degree when a meritless *qui tam* action is filed, because the public will know that the government had an opportunity to review the claims but elected not to pursue them. In addition, when a potentially meritorious complaint is filed, a defendant may be willing to reach a speedy and valuable settlement with the government in order to avoid the unsealing.

The Pilons' failure to comply with the service and filing requirements incurably frustrated all of these interests. The government was not notified that a *qui tam* complaint had been filed, and therefore could not determine whether the complaint might interfere with any ongoing investigation or whether the government should intervene. Any settlement value that might have arisen from the complaint's sealed status was eliminated. Defendants were placed in the position of having to answer a complaint without knowing who would prosecute the action. And any possibility of an ameliorating, pre-disclosure government decision not to pursue the Pilons' claim was aborted by the premature publication of the allegations. That the government and Defendants may have been aware of the substance of the Pilons' allegations does not diminish the consequences of the Pilons' failure to comply with the statutory requirements.

The Pilons' counsel asserted at oral argument that his clients should not be penalized, because he had done his best to satisfy the dictates of § 3730(b)(2). The record reveals, however, a considerable lack of good faith. Counsel made only a marginal effort to ensure that the complaint would be filed under seal. Further, once he learned that it had not been so filed, rather than inquiring of the clerk as to what had happened and whether the situation could be remedied, he immediately allowed his clients to give a detailed interview to the press concerning both the complaint's allegations and matters not mentioned in that pleading. Moreover, remarks by counsel at oral argument suggested that his and the Pilons' primary objective was to obtain James Pilon's reinstatement at Martin Marietta. The failure to serve the government supports the likelihood that this was the primary motive for the litigation.

The case for dismissal of the Pilons' *qui tam* claims with prejudice is supported not only by policy considerations and the record presented on this appeal, but also by pertinent authority.[4] *See, e.g., United States ex rel. Texas Portland Cement Co. v. McCord,* 233 U.S. 157, 162–63, 34 S.Ct. 550, 552–53, 58 L.Ed. 893 (1914) (dismissing action brought prematurely in violation of statute creating cause of action; statute "creates a new liability and gives a special remedy for it, and upon well-settled principles the limitations upon such liability become a part of the right conferred, and compliance with them is made essential to the assertion and benefit of the liability itself.... [I]t is only the province of the courts to enforce the statute in accordance with its terms."); *Reich v. Dow Badische Co.,* 575 F.2d 363, 367–70 (2d Cir.) (failure to comply with statutory procedural requirements attendant to bringing com-

---

4. Both the district court and Defendants regard the Pilons' failure to comply with the procedural requirements of § 3730(b)(2) as posing a question of subject matter jurisdiction. The issue turns on the terms of the authority granted to federal courts by Congress in the empowering statute, *see Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 167, 60 S.Ct. 153, 154, 84 L.Ed. 167 (1939), and accordingly implicates Congressional intent. *See United States ex rel. Siller v. Becton Dickinson & Co.,* 21 F.3d 1339, 1344 (4th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 316, 130 L.Ed.2d 278 (1994). We perceive

no need to address the question whether the filing and service requirements of § 3730(b)(2) are jurisdictional in order to resolve the issue presented for decision on this appeal. *Compare Siller,* 21 F.3d at 1344 (deadlines provided in § 3730(b)(4) for government intervention not jurisdictional) *with United States ex rel. Kreindler & Kreindler v. United Technologies Corp.,* 985 F.2d 1148, 1159 (2d Cir.) (§ 3730(e)(4) bar upon private action based upon public information, unless plaintiff is "original source" of information, is jurisdictional), *cert. denied,* — U.S. ——, 113 S.Ct. 2962, 125 L.Ed.2d 663 (1993).

plaint alleging age discrimination warrants grant of summary judgment in favor of defendants absent circumstances that might excuse failure), *cert. denied,* 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *United States ex rel. Lujan v. Hughes Aircraft Co.,* CV 92–1282 JMI (SHx), slip op. (C.D.Cal. Nov. 9, 1993) (relator's public disclosure of existence and substance of sealed *qui tam* complaint warrants dismissal); *Erickson ex rel. United States v. American Institute of Biological Sciences,* 716 F.Supp. 908, 912 (E.D.Va.1989) (*McCord* and *Reich,* as well as policy considerations, compel dismissal of *qui tam* complaint when relator's "failure to comply with the filing and service provisions irreversibly frustrates the congressional goals underlying those provisions"). We note that while the *Erickson* court did not specify whether the dismissal was with or without prejudice, when the relator attempted to bring a second action, the court dismissed the successor action and ruled that the prior dismissal had been with prejudice. *See Erickson v. American Institute of Biological Sciences,* Civ.Action No. 89–1259–A, slip op. at 2 (E.D.Va. Dec. 20, 1989).[5]

We conclude that it was an abuse of discretion to dismiss the Pilons' *qui tam* claims without prejudice because, as in *Erickson,* the Pilons' "failure to comply with the filing and service provisions [of § 3730(b)(2) ] irreversibly frustrate[d] the congressional goals underlying those provisions." 716 F.Supp. at 912. There is no need to remand the case to the district court, however, since we are authorized to modify the district court's judgment to specify that the *qui tam* claims are dismissed with prejudice. *See* 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may . . . modify . . . any judgment . . . lawfully brought before it for review. . . ."); *Chris–Craft Indus. v. Piper Aircraft Corp.,* 516 F.2d 172, 186–87 (2d Cir.1975), *rev'd on other grounds,* 430 U.S. 1, 97 S.Ct. 926, 51 L.Ed.2d 124 (1977); *In re United States Steel Corp. (Fuhrman v. United States Steel Corp.),* 479 F.2d 489, 500 (6th Cir.), *cert. denied,* 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 110 (1973).

█ On the other hand, we perceive no basis to disturb the district court's ruling that James Pilon's claim for retaliatory discharge should be dismissed *without prejudice.* Section 3730(h) retaliation claims, unlike § 3730(b) *qui tam* claims, are not subject to the procedural requirements of § 3730(b)(2), claims under N.Y. Labor Law § 740 obviously are not, and Defendants do not contend to the contrary. Further, the district court did not address in any way the merits of James Pilon's retaliatory discharge claim for relief. Thus, the Pilons are properly barred only from further pursuit of their *qui tam* claims.[6]

### Conclusion

The judgment of the district court is modified to provide that the first and third claims for relief in the Pilons' complaint are dismissed with prejudice, and is affirmed as modified.

---

**5.** The Pilons invoke *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield, Inc.,* 755 F.Supp. 1040 (S.D.Ga.), *dismissed on reconsideration,* 755 F.Supp. 1055 (S.D.Ga.1990), in opposition to dismissal of their *qui tam* claims with prejudice. In that case, the only procedural violation of § 3730(b)(2) was the failure to provide the government with the material evidence and information underlying the relator's complaint, all of which had been provided to the government in a prior *qui tam* action by the same relator. The court saw "no reason to demand letter-perfect compliance with [3730(b)(2) ] in a case, such as this one, where the object of the provision is fulfilled by alternate means, the government has not been harmed thereby, and the government has not even raised the objection." *Id.* at 1054. We are inclined to agree with this perfectly sensible resolution, but it has no application to the facts presented on this appeal. The case helps to explain, however, our reluctance to rule that the requirements of § 3730(b)(2) are jurisdictional. *See supra* note 4.

**6.** Of course, the government may independently proceed with these claims against the Defendants, if so disposed. *Cf. Reich,* 575 F.2d at 368 (failure to comply with ADEA notice requirements bars employee suit, "but the Secretary [of Labor] retains the right to sue to enforce the grievant's rights wholly without reference to the notice requirements").