98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David K. HACKETT, Plaintiff-Appellant,
v.
MARTIN MARIETTA CORPORATION; Martin Marietta Energy
Systems, Inc.; Richard Green; Jim Barnes; Terry Lashley;
Edward D. Aebischer; Norman Augustine; Clyde Hopkins;
Gordon Fee; Mack Wilson; Alvin Trivelpiece; Sandy
Bradshaw, Defendants-Appellees.
 No. 95-6494.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 1
 Before: KENNEDY, DAUGHTREY, and WEIS,* Circuit Judges.
 
 ORDER
 
 2
 David K. Hackett, a Tennessee citizen, appeals pro se a district court order dismissing a complaint he filed. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hackett filed this action against Martin Marietta Energy Systems, Inc. (Energy Systems), its parent corporation, and a number of its employees. He alleged that he had held a number of one-year contracts with Energy Systems, which in turn operates under a contract with the United States Department of Energy, under which he made science presentations to school groups. In 1992, Hackett became increasingly dissatisfied with the management of this program, and voiced complaints that he and his co-workers were denied the independence associated with contractor status, but received none of the benefits due employees. In retaliation for his complaints, Hackett alleged that most of his courses were reassigned to a newly hired young woman. When he then filed an EEOC complaint, he alleged that his contract was not renewed for the 1993 year. Hackett thus claimed that the defendants violated civil rights laws, tax laws, labor laws, the False Claims Act, and the Occupational Safety and Health Act. He further claimed the defendants breached their contract, engaged in employment discrimination, retaliated for whistle-blowing activities, and engaged in a criminal RICO conspiracy.
 
 
 4
 The district court dismissed the claims against the parent corporation and the individual defendants. It then granted Energy Systems's motion for summary judgment on the majority of the claims, while dismissing the employment discrimination claims without prejudice on the representation that the EEOC had reopened the administrative proceedings. Hackett moved for reconsideration of this decision, raising more specific facts in support of his claims of civil rights violations and wrongful discharge. The district court then reinstated these two claims. Energy Systems then moved for reconsideration, which the district court also granted, dismissing the civil rights claim on the ground that Energy Systems was not a proper defendant in such a claim, and dismissing the wrongful discharge claim without prejudice so that Hackett could pursue this claim in state court.
 
 
 5
 On appeal, Hackett reasserts his claims of a civil rights violation, a breach of contract, employment discrimination, retaliation for whistle-blowing activities, and a violation of the False Claims Act. He also argues that there was a violation of the Service Contract Act. Procedurally, he argues that the district court erred in finding that it lacked jurisdiction over his claims, in dismissing the individual defendants, in failing to provide for adequate discovery, in failing to exercise diversity jurisdiction, and in failing to certify this case as a class action.
 
 
 6
 Upon consideration, we find that none of the arguments raised has merit. The district court did not find that it lacked jurisdiction over this case. Defendants were granted summary judgment on the majority of the claims. The civil rights claim was dismissed pursuant to Fed.R.Civ.P. 12(b)(6), and the employment discrimination and wrongful discharge claims were dismissed without prejudice so that Hackett could pursue them in another forum. The employment discrimination claim was properly dismissed because this claim had been reopened at the administrative level. Defendants were entitled to summary judgment on Hackett's claim of whistle-blower retaliation because there is no private cause of action for such claims. See Braun v. United States, 707 F.2d 922, 925 (6th Cir.1983). Summary judgment was also proper on the claim under the False Claims Act, as Hackett complied with none of the requirements for filing a qui tam claim. See United States ex rel. Pilon v. Martin Marietta Corp., 60 F.3d 995, 997-1000 (2d Cir.1995). Summary judgment was required on the breach of contract claim because Hackett presented no evidence that his contract provided for renewal. And, in its final order, the district court properly dismissed the civil rights claim because such a claim cannot be asserted against a private entity. Cf. F.D.I.C. v. Meyer, 510 U.S. 471, 114 S.Ct. 996, 1005 (1994).
 
 
 7
 Hackett's attempt to raise a claim on appeal under the Service Contract Act, 41 U.S.C. § 351 et seq., is unavailing because he has no private right of action under that statute. See Barron v. Reich, 13 F.3d 1370, 1373 (9th Cir.1994). The argument that Hackett was denied discovery is negated by his own admission that he received most of what he sought through Freedom of Information Act requests and that he failed to cooperate in signing a protective order. Furthermore, the information he did not receive concerned his employment discrimination claim, which was dismissed without prejudice to be pursued administratively. The remaining arguments raised on appeal are also meritless.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation