Mary Ann WISZ, individually, and
ex rel. UNITED STATES of
America, Plaintiff,

v.

C/HCA DEVELOPMENT, INC. d/b/a Co-
lumbia–Olympia Fields Osteopathic
Hospital and Medical Center, Inc. and
Columbia Chicago Osteopathic Hospi-
tals, Inc., and Midwestern University, an
Illinois corporation, f/d/b/a Olympia
Fields Osteopathic Hospital and Medical
Center, Inc. and Chicago Osteopathic
Hospitals, Inc., Defendants.

No. 97 C 2646.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 23, 1998.

Sidney R. Berger, Chicago, IL, Paul R. Shuldiner, Law Office of Paul R. Shuldiner, Chicago, IL, for Mary Ann Wisz.

James A. Cherney, Joseph A. Sullivan, Latham & Watkins, Chicago, IL, C. Joseph Yast, Law Office of C. Joseph Yast, Northfield, IL, for C/HCA Development, Inc., Columbia Chicago Osteopathic Hospitals, Inc.

C. Joseph Yast, Law Office of C. Joseph Yast, Northfield, IL, for Midwestern University.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Mary Ann Wisz, individually and on behalf of the United States Government, brought suit under the False Claims Act, 31 U.S.C. § 3729(a)(1), against the defendants, C/HCA Development, Inc. ("Columbia") d/b/a Columbia–Olympia Fields Osteopathic Hospital and Medical Center, Inc. ("Columbia–Olympia Fields") and Columbia Chicago Osteopathic Hospitals, Inc. ("Columbia–Chicago"), and Midwestern University ("Midwestern") f/d/b/a Olympia Fields Osteopathic Hospitals and Medical Center, Inc. ("Olympia Fields") and Chicago Osteopathic Hospitals, Inc. ("Chicago Osteopathic"). I have jurisdiction in this case under 31 U.S.C. § 3732(A) and 28 U.S.C. § 1345. Midwestern moves, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), to dismiss Ms. Wisz' second amended complaint for failure to comply with 31 U.S.C. § 3730(b)(2). For the reasons set forth below, the motion is denied.

### Background

From August 1995 to December 1996, Mary Ann Wisz worked at Olympia Fields (later Columbia–Olympia Fields) in its quality assurance program. In October 1995, Columbia bought Olympia Fields and Chicago Osteopathic from Midwestern.

In her original complaint, Ms. Wisz alleged that Columbia falsified the dates of out-patient surgeries to give the impression they occurred during the patients' subsequent hospital stays, thus increasing the amount of Columbia's Medicaid reimbursements. Ms. Wisz' second amended complaint added Midwestern as a defendant, alleging the same

type of fraudulent conduct prior to Midwestern's sale of the hospitals to Columbia.

Pursuant to 31 U.S.C. § 3730(b)(2), Ms. Wisz' original complaint was filed *in camera* and kept under seal for at least 60 days before it was served on the defendants, thus enabling the Government to determine if it wished to intervene in the suit. *See United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998–99 (2nd Cir.1995) (citing S.Rep. No. 99–345, at 23–24, *reprinted in* 1986 U.S.C.C.A.N. 5266, 5288–89). The Government obtained three extensions of the 60–day seal provision, and in January 1998 elected not to intervene. Neither Ms. Wisz' amended complaint nor her second amended complaint, in which she added Midwestern, was filed *in camera* or kept under seal.

***Compliance with Section 3730(b)(2)***

[redacted] Midwestern argues that the second amended complaint should be dismissed because it was filed in violation of Section 3730(b)(2). It contends the failure to file that complaint *in camera* and under seal deprived the Government of the opportunity to determine if it wished to intervene in the claims against Midwestern. That argument lacks merit. By its terms, the statute applies only to "the complaint" and not to any amended complaint. *See United States ex rel. Milam v. Regents of Univ. of California*, 912 F.Supp. 868, 889–90 (D.Md.1995). Further, Ms. Wisz' second amended complaint alleged the same type of fraudulent conduct as the original complaint, which the Government already had a chance to review. The Government thus was afforded an opportunity to determine whether Ms. Wisz' suit involved matters already under investigation and whether it was in the Government's interest to intervene.[1] *See Pilon*, 60 F.3d at 998–99. Midwestern also is not being forced to litigate without knowing which party, the Government or Ms. Wisz, is proceeding in the action. *Id.* at 999; *see Mikes*, 931 F.Supp. at 261. That was determined when the Government decided not to intervene.

[redacted] Moreover, contrary to Midwestern's contentions, the requirements of Section 3730(b)(2) are procedural, not jurisdictional. *See Mikes*, 931 F.Supp. at 259; *United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir.1995); *but see Friedman v. Federal Deposit Ins. Corp.*, Nos. 93–277, 93–415, 1995 WL 608462, at *3 (E.D.La. Oct.16, 1995). Even if Ms. Wisz' second amended complaint were in violation of Section 3730(b)(2), dismissal would not be required on jurisdictional grounds.

Accordingly, Midwestern's motion to dismiss Ms. Wisz' second amended complaint is denied.

***Conclusion***

For the foregoing reasons, Midwestern's motion to dismiss the second amended complaint is denied.

[redacted]

1. In both *Pilon* and *Erickson ex rel. United States v. American Institute of Biological Sciences*, 716 F.Supp. 908, 911–12 (E.D.Va.1989), dismissal was granted where the *original complaint* was not filed according to Section 3730(b)(2). However, in the instant case the original complaint was filed in compliance with the statute. *Cf. United States ex rel. Mikes v. Straus*, 931 F.Supp. 248, 258–61 (S.D.N.Y.1996) (denying dismissal where original complaint was filed in accordance with § 3730(b)(2) but amended complaint, which added new claims, was not); *Milam*, 912 F.Supp. at 889–90 (allowing relator to add defendants in amended complaint where original complaint was filed in compliance with § 3730(b)(2)).