

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2006

# Burns v. Lavender Hill Herb

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2651

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Burns v. Lavender Hill Herb" (2006). *2006 Decisions.* Paper 1691.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1691

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2651
_____

THOMAS J. BURNS,
                            Appellant

v.

LAVENDER HILL HERB FARM, INC.;
PENNSYLVANIA CERTIFIED ORGANIC;
MARJORIE S. LAMB; *SUZANNE I. SEUBERT;
*CHRISTINE K. DEMSEY; *DEMSEY & SEUBERT;
KATHRYN E. LAMB; HELEN CALDER LAMB;
LESLIE ZUCK

*(Amended as of 6/23/05)
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 01-cv-07019)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
January 26, 2006
Before:  FISHER, ALDISERT AND WEIS, <u>CIRCUIT</u> <u>JUDGES</u>
(Filed:    January 31, 2006)
_____

OPINION
_____

PER CURIAM.

Appellant, Thomas Burns, appeals from the District Court's orders dismissing his complaint and entering judgment in favor of appellees, as well as several orders relating to discovery issues. For essentially the same reasons set forth by the District Court, we will affirm the judgment.

The background and factual allegations underlying this cause of action are well known by the parties and need not be detailed here. Briefly, in December of 2001, Burns – who had recently gone through divorce proceedings – filed the underlying civil action against the following defendants: his ex-wife, Marjorie Lamb; his ex-wife's sister and mother, Kathryn Lamb and Helen Calder Lamb; his ex-wife's organic produce business, Lavender Hill Herb Farm, Inc. ("Lavender Hill"); a now defunct Delaware law firm that represented his ex-wife during the divorce proceedings, Demsey & Seubert, P.A. ("D&S"), and its attorneys, Suzanne Seubert and Christine Demsey; a Pennsylvania corporation engaged in the business of inspecting and certifying organic farms and produce, Pennsylvania Certified Organic ("PCO"); and PCO's executive director, Leslie Zuck. According to Burns, the Lambs conspired with Zuck, PCO and the other co-defendants to misbrand and sell "conventional" produce as organic, causing him to lose his business and allowing defendants to monopolize the organic food industry. Burns alleged thirteen different causes of action in his complaint, including claims based on the False Claims Act ("FCA"), the Sherman Antitrust Act, the Racketeer Influenced and Corrupt Organization Act ("RICO"), trade libel, interference with commercial relations,

2

abuse of process, civil conspiracy, fraudulent concealment, and assault and battery.

In an order entered on October 31, 2002, the District Court granted a motion filed by defendants Demsey, Seubert, and D&S to dismiss the claims against them for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). The District Court found that these defendants lacked sufficient contacts with Pennsylvania to justify the exercise of personal jurisdiction over them given the fact that they were all Delaware residents, and that the extent of any involvement on their part was limited to Seubert's representation of Marjorie Lamb in divorce proceedings before the Delaware Family Court. See Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998); Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). The court also dismissed the FCA claims with prejudice for Burns' failure to follow the requisite statutory procedures for advancing such claims as set forth by 31 U.S.C. § 3730(b). See also United States ex rel Pilon v. Martin Marietta Corp., 60 F.3d 995, 998-99 (2d Cir. 1995). Burns' antitrust claim was likewise dismissed since he failed to allege an "antitrust injury." See Eichorn v. AT&T Corp., 248 F.3d 131, 140 (3d Cir. 2001), citing Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977). Appellant's RICO claims fared no better given his failure to allege a specific and determinable injury to his business or property as required by 18 U.S.C. § 1964(c). See Holmes v. Sec. Investor Protection Corp., 503 U.S. 258, 268 (1992); Maio v. Aetna, Inc., 221 F.3d 472, 494-95 (3d Cir. 2000). Finally, the District Court declined to exercise supplemental jurisdiction over Burns' remaining pendent state law claims. See Borough of W. Mifflin

3

v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Those claims, like the antitrust and RICO claims, were dismissed without prejudice and Burns was granted leave to file an amended complaint.

Burns filed an amended complaint reasserting his antitrust and RICO claims, as well as claims alleging abuse of process, trade libel, interference with business relationships, civil conspiracy, conversion, fraudulent concealment, and assault and battery. Once again, the District Court determined that Burns' claims were fatally deficient and could not survive the motion for summary judgment filed by the remaining defendants. The reasons supporting the District Court's decision are detailed in its thorough 18-page Memorandum Opinion and Order entered on April 29, 2005, and we see no reason to reiterate them. The District Court thus dismissed Burns' amended complaint. In that same order, the court denied discovery motions filed by Burns during a sixty day extension period that was actually intended to allow the PCO defendants the opportunity to investigate the authenticity of an exhibit (Exhibit T) Burns had only recently submitted and to compel Burns to appear for a deposition. In particular, the District Court denied as moot Burns' requests for admissions and interrogatories regarding Lavender Hill's accountant, and admissions regarding, *inter alia*, Helen and Kathryn Lamb's residency and a state court judge's alleged financial interest in Lavender Hill. The PCO defendants were also granted leave to file a motion for reasonable costs incurred in bringing their motion related to Burns' Exhibit T (an exhibit actually stricken by the District Court). Burns filed a timely appeal, and amended that notice to include the

4

District Court's subsequent order awarding fees and costs to the PCO defendants.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review of an order granting summary judgment.  McLeod v. Hartford Life and Acc. Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004).  A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  We view the facts in the light most favorable to the party against whom summary judgment was entered. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).  The District Court's discovery orders are reviewed for an abuse of discretion.  Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000).  Burns raises a myriad of issues on appeal.  However, because we have determined that those issues are without any legal and/or factual merit, we dispose of them with little or no discussion.

Burns devotes a large portion of his informal brief and reply brief to his argument that the District Court erred in allowing defendants to "withhold" the identity of Lavender Hill's certified public accountant, together with documents that are allegedly in that accountant's possession.  However, we must agree with the contention of PCO and Zuck, as well as the determination of the District Court, that any such identification is irrelevant to the issues of this case.  As the District Court correctly concluded, Burns' request for the identification of a different accountant appears to have been tied to his mischaracterization of the PCO defendants' claim regarding the fabrication of Exhibit T. However, Burns failed to establish how any such individual would shed light on whether

5

defendant Zuck's signature was indeed a forgery. Moreover, the information Burns insists that this accountant could provide relates almost entirely to the statements set forth in Exhibit T, a document that was stricken by the District Court after the PCO defendants submitted affidavits attesting to the forged signature it contained. Thus, we must agree with the District Court that Burns failed to demonstrate how learning the identity of such an individual would have altered its analysis of any his claims.

Burns' assertion that the District Court erroneously imposed sanctions on him twice for the same discovery violation is equally meritless. A review of the court's orders entered September 11, 2003 and May 27, 2005, show that the earlier order was issued as a result of the court's finding that Burns acted in bad faith in failing to provide substantive responses to PCO's and Zuck's initial discovery requests and to produce requested documents. The fees and costs awarded by the May 27th order, on the other hand, were the result of the trouble and expense that the PCO defendants were put through in addressing and investigating the authenticity of Burns' Exhibit T (a document that was not provided until after the initial discovery period had closed) and because of Burns' failure to actively participate in PCO's deposition after being ordered to do so by the court. We can find no abuse of discretion on the part of the District Court in sanctioning Burns on two separate occasions given the facts presented.

Burns' challenge to the court's decision to dismiss Demsey, Seubert, and D&S for lack of personal jurisdiction can likewise be disposed of easily given appellant's utter failure to meet his burden in establishing that these defendants had sufficient

6

contacts with Pennsylvania to warrant the exercise of personal jurisdiction over them. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 94 (3d Cir. 2004). See also Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. Ann. § 5322(b), authorizes its courts to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the 14th Amendment, but due process requires that the defendant have "minimum contacts" in the forum state, and that the exercise of jurisdiction comport with "traditional notions of fair play and substantial justice.")(internal citations omitted). Burns offers nothing to support his contention that he is entitled to go on a court-endorsed fishing expedition in an attempt to meet this obligation through the discovery process.

We find it unnecessary to address Burns' remaining issues as we have carefully reviewed his claims and find them to be meritless. Accordingly, for essentially the reasons set forth in its well-reasoned Memorandum Opinion entered on April 29, 2005, we will affirm the District Court's judgment and its order imposing discovery sanctions against Burns. The request for oral argument is denied.