16-732-cv
*Smithers v. Specth et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand seventeen.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            GERARD E. LYNCH,
                        *Circuit Judges.*

---

VICKI SMITHERS,

                    *Plaintiff-Appellant,*                    16-732-cv

            v.

JENNIFER SPECTH, at the United States Postal Service,
MOLLY KNIGHT, at the United States Postal Service,
and PATRICK R. DONAHOE, Postmaster General,

                    *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          Vicki Smithers, *pro se*, Rochester, NY.

**FOR DEFENDANTS-APPELLEES:**         Michael S. Cerrone, Assistant United
                                      States Attorney, *for* William J. Hochul, Jr.,
                                      United States Attorney for the Western
                                      District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 3, 2016 judgment of the District Court is **MODIFIED** to provide that the complaint is dismissed without prejudice and **AFFIRMED** as modified.

Plaintiff-Appellant Vicki Smithers, proceeding *pro se*, appeals from the District Court's judgment dismissing her claims of employment discrimination against two United States Postal Service employees and the Postmaster General. The District Court dismissed Smithers's claims on the ground of invalid service, holding that Smithers had failed to serve the United States in a proper and timely fashion, as required under Federal Rule of Civil Procedure 4(i). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Smithers argues only the merits of her discrimination claims and does not address her failure to effect proper service. For that reason, we hold that she has waived any challenge to the District Court's determination that she failed to properly and timely serve process. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived . . . ."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (explaining that a *pro se* appellant abandons an issue not raised in her appellate brief). Even if we excused Smithers's failure to argue the service-of-process issue on appeal, which we have discretion to do "if manifest injustice would otherwise result," *JP Morgan Chase Bank*, 412 F.3d at 428, the District Court's decision was correct.

We review a dismissal for improper service under Federal Rule of Civil Procedure 12(b)(5) for abuse of discretion. *See Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). In the context of a dismissal pursuant to Rule 12(b)(5), a plaintiff bears the burden of establishing adequate service. *See id.* at 752. The District Court was correct to dismiss Smithers's claim on the ground of improper service because Smithers made no reasonable effort to effect proper service. *See id.* at 753.

Nevertheless, the District Court failed to specify that its dismissal of Smithers's claims was without prejudice, as required under Federal Rule of Civil Procedure 4(m). Remand is not necessary, however, because we have authority to modify the judgment to specify that dismissal was without prejudice. *See U.S. ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 1000 (2d Cir. 1995).

## CONCLUSION

Accordingly, the District Court's February 3, 2016 judgment is **MODIFIED** to provide that Smithers's complaint is dismissed without prejudice, and is **AFFIRMED** as modified.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2