22-1844-bk (L)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand twenty-five.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **JOHN M. WALKER, JR.,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

In Re: Alexander H. Hyatt,

> *Debtor.*

| | |
|---|---|
| ******************** | 22-1844 (L), |
| | 22-1849 (Con), |
| Alexander H. Hyatt, | 22-1851 (Con), |
| | 22-1852 (Con) |
| *Plaintiff-Appellant,* | |

v.

**Wilmington Savings Fund Society, FSB, doing business as Christiana Trust not in its individual capacity, but solely as Trustee for BCAT 2014-11TT, Selene Finance LP, J and D Securitized Investments, LLC, Internal Revenue Service,**

*Defendants-Appellees,*

**Robert J. Musso,**

*Trustee-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Alexander H. Hyatt, pro se, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLEE INTERNAL REVENUE SERVICE:** | David A. Hubbert, Deputy Assistant Attorney General, Arthur T. Catterall, Matthew S. Johnshoy, Attorneys, Tax Division, Department of Justice, Washington, DC. |
| **FOR DEFENDANT-APPELLEE J AND D SECURITIZED INVESTMENTS, LLC:** | Damian G. Waldman, The Law Offices of Damian G. Waldman, P.A., Seminole, FL. |
| **FOR DEFENDANTS-APPELLEES WILMINGTON SAVINGS FUND SOCIETY, FSB, AND SELENE FINANCE LP:** | John E. Brigandi, Knuckles Komosinski & Manfro, LLP, Upper Saddle River, NJ |

**FOR TRUSTEE-APPELLEE**                   Bruce Weiner, Rosenberg Musso
**ROBERT J. MUSSO:**                        & Weiner, LLP, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *District Judge*), affirming four orders of the Bankruptcy Court (Nancy Hershey Lord, *Bankruptcy Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED AS MODIFIED**.

Appellant Alexander Hyatt filed a pro se voluntary Chapter 7 bankruptcy petition on October 16, 2019. Hyatt filed for bankruptcy one day before the nonjudicial sale of his apartment—a sale precipitated by Hyatt's default on a loan secured by 133 shares of a cooperative apartment building in Brooklyn, NY, representing Hyatt's apartment unit in that co-op. Several creditors filed claims in Hyatt's bankruptcy proceeding, including the Internal Revenue Service (the "IRS") and Wilmington Savings Fund Society and Selene Finance, LP, the parties assigned the secured interest in Hyatt's co-op shares at the time of default (together "the financing parties").

Hyatt filed two adversary proceedings in bankruptcy court, both of which the bankruptcy court dismissed for failure to state a claim pursuant to Fed. R. Civ.

3

P. 12(b)(6), made applicable to bankruptcy courts through Fed. R. Bankr. P. 7012. Hyatt first challenged the chain of assignment of the note and agreement granting a security interest in his co-op shares, asserting that the financing parties acted fraudulently in transferring the secured interest, and thus had no rights in his property. The bankruptcy court dismissed Hyatt's claims against the financing parties on res judicata grounds, because Hyatt had previously unsuccessfully litigated substantially the same claims against the financing parties in New York state court. The bankruptcy court also found that the financing parties' security interest in the collateral remained perfected pursuant to applicable provisions of the New York Uniform Commercial Code.

In Hyatt's second adversary proceeding, he alleged that the IRS lacked statutory and regulatory authority to tax income received as employee wages, and that by filing a federal tax lien as part of its efforts to collect the taxes owed, the IRS committed common law fraud, violated his rights under the Thirteenth Amendment, and engaged in bad faith lien filing under New York state law. Based on these theories, Hyatt sought monetary damages and objected to the IRS's proof of claim filed in his case. The bankruptcy court, when dismissing this proceeding, found Hyatt lacked standing to seek monetary damages against the IRS. The court

4

considered but did not decide whether Hyatt had standing to bring claims objecting to the IRS's proof of claim, instead concluding that Hyatt failed to state a claim upon which relief could be granted. The bankruptcy court's subsequent order, formalizing it's bench ruling, dismissed Hyatt's claims with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and Bankruptcy Rule 7012.

During the proceedings, the bankruptcy court also issued orders holding Hyatt in contempt for failing to turn over certain funds to the appointed Chapter 7 trustee and directing Hyatt to cooperate with the trustee in facilitating the sale of his property.

Hyatt appealed these orders to the district court. In a single decision entered across all four appeal dockets, the district court affirmed each of the challenged orders. *See Hyatt v. Wilmington Sav. Fund Soc'y, FSB*, Nos. 20-cv-5037, 20-cv-5159, 21-cv-0619, 21-cv-1041 (KAM), 2022 WL 2834653 (E.D.N.Y. July 20, 2022). This appeal followed.

**I.     Standards of Review**

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *In re Markus*, 78 F.4th 554,

5

562–63 (2d Cir. 2023) (quoting *Goldman, Sachs & Co v. Esso Virgin Islands, Inc. (In re Duplan Corp.)*, 212 F.3d 144, 151 (2d Cir. 2000)). We review a bankruptcy court's findings of fact "for clear error, and its conclusions of law . . . *de novo*." *Id*. at 563.

A bankruptcy court's order granting a Rule 12(b) motion to dismiss is reviewed de novo. *See Bruce v. Citigroup Inc. (In re Bruce)*, 75 F.4th 297, 301 & n.4 (2d Cir. 2023) (citation omitted). Matters "committed to the discretion of the bankruptcy court," however, are "reviewed for an abuse of discretion." *In re Blaise*, 219 B.R. 946, 950 (2d Cir. 1998). We therefore review discretionary bankruptcy court orders, like the cooperation and contempt orders at issue here, for abuse of discretion. *See, e.g., In re Gravel*, 6 F.4th 503, 511 (2d Cir. 2021).

## II. Adversary Proceeding Against the Financing Parties

On appeal, Hyatt does not dispute that the elements of res judicata are satisfied, barring his adversary proceeding against the financing parties. Instead, Hyatt argues that the bankruptcy court erred by failing to use its equitable powers to reevaluate his arguments—made during prior state court proceedings—that the security interest in his co-op shares was fraudulently transferred to the financing parties. While bankruptcy courts do have significant equitable powers, this does not permit them to set aside res judicata and relitigate claims of fraud that were

6

already considered and rejected on the merits. *See EDP Med. Comput. Sys, Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (explaining that "[r]es judicata 'is a rule of fundamental repose important for both the litigants and for society'") (quoting *In re Teltronics Servs.*, 762 F.3d. 185, 190 (2d Cir. 1985)). Furthermore, this argument ignores that the bankruptcy court did reach the merits of the fraud allegations, concluding that the financing parties' proof of claim met the standards of sufficiency, and that Hyatt failed to meet his burden to show otherwise.

### III. Adversary Proceeding Against the IRS

#### a. Hyatt's Objections to the IRS's Proof of Claim

Hyatt appeals the bankruptcy court's dismissal of his objections to the IRS's filed proof of claim for failure to state a claim,[1] bringing a variety of arguments contesting the IRS's authority to assess and collect income taxes from his wages. Hyatt first argues that because the IRS did not promulgate regulations allowing it

---

[1] While the bankruptcy court proceeded on hypothetical jurisdiction to consider the merits of these claims, we have held that jurisdictional issues related to statutory standing and sovereign immunity need not be decided as a threshold matter. *Butcher v. Wendt*, 975 F.3d 236, 242 (2d Cir. 2020) (concluding that "we may assume hypothetical jurisdiction" for statutory jurisdictional issues); *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 416–17 (2d Cir. 2022) (finding that "sovereign immunity . . . is not a threshold question we must decide before holding that the . . . claim fails on the merits"). As such, the bankruptcy court, and this court, may proceed to the merits of Hyatt's claims without definitively deciding these jurisdictional questions.

to enforce the relevant provisions of the Internal Revenue Code, it is not authorized to impose tax liabilities and related penalties on him. Hyatt relies on 26 U.S.C. § 7805(a) of the Internal Revenue Code, which provides that "the Secretary shall prescribe all needful rules and regulations for the enforcement of this title," and contends this provision requires the IRS to promulgate regulations to enforce various provisions of the Internal Revenue Code. While the text of the cited statute clearly allows the Secretary to issue rules and regulations as necessary, it does not premise the viability of the Code on the adoption of a corresponding regulation. Hyatt's arguments to the contrary are unavailing.

Hyatt next argues that because the IRS is not in compliance with the Paperwork Reduction Act, he was relieved of his obligation to file a tax return. This argument also fails. While the IRS must comply with the Act, any failure to comply does not relieve individuals of their responsibility to pay income taxes. *See United States v. Patridge*, 507 F.3d 1092, 1094 (7th Cir. 2007) (holding that "[t]he Paperwork Reduction Act does not change any substantive obligation" of the taxpayer); *United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir. 1991) (concluding that the Paperwork Reduction Act applies to "*agency* activity," and does not repeal a "statutory requirement that [a] citizen provide information").

### b. The Bankruptcy Court's Dismissal of Hyatt's Claims for Monetary Damages

The bankruptcy court also addressed Hyatt's claims seeking monetary damages from the IRS, holding that he lacked standing to bring these claims. Hyatt does not argue on appeal that the bankruptcy court erred in its determination that Hyatt, as a Chapter 7 debtor, does not have standing to pursue a prepetition cause of action that became property of the estate upon filing. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (holding that the "trustee, as the representative of the bankruptcy estate, is . . . the only party with standing to prosecute causes of action belonging to the estate"); *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) ("Because the claims are property of the bankruptcy estate, the Trustee is the real party in interest with exclusive standing to assert them."). Hyatt has therefore forfeited any arguments to the contrary on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) (holding that "[i]ssues not sufficiently argued in the briefs" are considered forfeited and will generally "not be addressed on appeal").

While the bankruptcy court was correct to dismiss Hyatt's claims for monetary damages, a dismissal for lack of standing implicates subject matter jurisdiction. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016). We have

9

made clear that jurisdictional dismissals generally should be without prejudice. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (explaining that "where a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*" (emphasis in original)). But because this Court has the power to modify judgments, we conclude remand is not necessary to correct this error. *See United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 1000 (2d Cir. 1995) (citing 28 U.S.C. § 2106 for the authority to "modify . . . any judgment . . . lawfully brought before it for review"). Instead, we affirm as modified, altering the relevant portion of the judgment to reflect a dismissal without prejudice.

### c. Contempt Order and Order to Cooperate

Hyatt's only argument on appeal contesting the bankruptcy court's contempt order and cooperation order is contingent on the assumption that he would prevail on the issues addressed above. Because he has not, and he has abandoned any other challenge to these orders, *see Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021), the orders will be affirmed.

\* \* \*

We have considered Hyatt's remaining arguments and conclude they are

without merit.  Accordingly, we **AFFIRM** the judgment of the district court, except that the portion of the judgment dismissing Hyatt's claims for monetary damages against the IRS is **MODIFIED** to reflect a dismissal without prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
